```
               IN THE UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF NEBRASKA

KENNETH D. VOSS,              )         8:18CV346
                              )
              Plaintiff,      )
                              )
                              )         MEMORANDUM
       v.                     )         AND ORDER
                              )
THE STATE OF COLORADO,        )
                              )
              Defendant.      )
                              )
```

On July 17, 2018, Kenneth D. Voss, proceeding pro se, filed a Notice of Removal pursuant to 28 U.S.C. §§ 1441 and 1446. (Filing 1) Attached to the Notice of Removal is an illegible "Uniform Summons & Complaint or Penalty Assessment" Voss alleges he was issued by a Colorado State Trooper on June 17, 2018, citing him with driving a motor vehicle without a safety belt in use, driving without a valid driver's license, and failing to display valid registration. Voss seeks to remove the case from the County Court of Boca County, Colorado.

The clerk of this court docketed the Notice of Removal as a civil complaint filed pursuant to 42 U.S.C. § 1983 (*i.e.*, as a civil rights action). Because Voss did not pay the $400.00 filing and administrative fees or request to proceed in forma pauperis ("IFP"), a standard order was entered on July 19, 2018, requiring him to correct the deficiency by August 2, 2018. (Filing 4) Voss thereafter filed an IFP motion and, on August 1, 2018, was granted leave to proceed without payment of fees. (Filings 5, 6)

It appears, however, that Voss may be attempting to remove his state criminal case to this court pursuant to 28 U.S.C. §§ 1443 and 1455. A filing fee is not required for the removal of a state criminal prosecution to federal court. *See Lefton v. City of Hattiesburg*, 333 F.2d 280, 285 (5th Cir. 1964).

A defendant who wishes to remove a criminal prosecution from a state court must file a notice of removal "containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant . . . in such action." 28 U.S.C. § 1455(a). In addition, "[a] notice of removal of a criminal prosecution shall be filed not later than 30 days after the arraignment in the State court, or any time before trial, whichever is earlier, except that for good cause shown the United States district court may enter an order granting the defendant . . . leave to file the notice at a later time." 28 U.S.C. § 1455(b)(1).

The federal statute governing the removal of criminal prosecutions from state court to federal court states, in relevant part:

> Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:
>
> > (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof . . . .

28 U.S.C. § 1443.

To the extent Voss is requesting removal of his state criminal case to this court, this matter will be summarily remanded to the County Court of Boca County, Colorado, because it "appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted." 28 U.S.C. § 1455(b)(4). Removal should not be permitted for at least two reasons: First, the United States District Court for the District of Nebraska is not the proper venue for removal of a criminal case that is pending in Colorado. *See* 28 U.S.C. § 1443(1). And, second, to demonstrate that removal is proper under § 1443(1), a defendant "must show that he relies upon a law providing for equal civil rights stated in terms of racial equality." *Neal v. Wilson*, 112

F.3d 351, 355 (8th Cir. 1997). Stated differently, "the right denied defendant must be one that arises under a federal law that provides for specific civil rights stated in terms of racial equality" and "the defendant must be unable to or be denied the opportunity to enforce these specified federal rights in the courts of the state in question." *Conrad v. Robinson*, 871 F.2d 612, 614-15 (6th Cir. 1989) (citing *Johnson v. Mississippi*, 421 U.S. 213, 219 (1975)). Voss does not allege he was denied any civil rights on racial grounds or under a federal equal rights law. Indeed, Voss fails to allege any facts to explain why he believes removal would be proper.

To the extent Voss's Notice of Removal may be construed as a civil complaint under 42 U.S.C. § 1983, it fails to set forth any plausible factual allegations suggesting a violation of Voss's constitutional rights. *See West v. Atkins*, 487 U.S. 42, 48 (1988) ("To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."). Thus, the case will be summarily dismissed under 28 U.S.C. § 1915(e)(2) as frivolous and failing to state a claim upon which relief may be granted.[1]

IT IS THEREFORE ORDERED:

1. To the extent Voss's Notice of Removal may be construed as a civil complaint, it is dismissed without prejudice for failure to state a claim upon which relief may be granted.

2. To the extent Voss is requesting removal of his state criminal case to this court, his request is denied and this case is remanded to the County Court of Boca County, Colorado.

---

[1] The court notes this is the fourth such "Notice of Removal" Voss has filed here this year, all of which have been summarily dismissed and remanded. *See Voss v. State of Nebraska*, Case Nos. 8:18CV28, 8:18CV119, and 8:18CV340.

3. Judgment shall be entered by separate document and the clerk of the court shall proceed to close this file for statistical purposes.

4. The clerk of the court shall send a copy of this Memorandum and Order and of the Judgment to the Clerk of the County Court of Boca County, Colorado.

DATED this 21st day of August, 2018.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge